IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOTHAR OLIVER WIRTH GONZALEZ AND KARL HEINZ ERICH WIRTH GONZALEZ, EACH INDIVIDUALLY AND AS REPRESENTATIVES AND HEIRS OF THE ESTATE OF JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED, AND LORENA MAYELA MIER DAVALOS, INDIVIDUALLY | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Plaintiffs | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. _____ |
| DRB SYSTEMS, INCORPORATED AND DONALD HUSK | §<br>§<br>§ | |
| Defendants | §<br>§ | JURY DEMANDED |

## DEFENDANT DRB SYSTEMS, INCORPORATED
## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, DRB Systems, Incorporated, Defendant in the above-styled and numbered cause (hereinafter "DRB Systems") appearing by and through the assistance of the undersigned counsel of record, and files its Notice of Removal. In support thereof, DRB Systems respectfully shows the Honorable Court as follows:

## I.
## INTRODUCTION

1.1.  Plaintiffs filed their state court action against DRB Systems in Montgomery County, Texas on July 3, 2013.[1] The case was docketed as No. 13-07-06991-CV; *Lothar Oliver Wirth Gonzalez and Karl Heinz Erich Wirth Gonzalez, Each Individually and as*

---

[1] See Plaintiff's Original Petition and Request for Disclosure, a copy of which is attached as Exhibit C-1.

*Representatives and Heirs of the Estate of Juana Bethuel Gonzalez y Macias, Deceased, And Lorena Mayela Mier Davalos, Individually v. DRB Systems, Incorporated and Donald Husk*, and assigned to the 284th Judicial District Court.[2] Plaintiff's claims against DRB Systems appear to sound in negligence, products liability, premises liability, gross negligence, and breach of warranty under the Texas Uniform Commercial Code.[3] These claims relate to the accidental death of Juana Bethuel Gonzalez y Macias ("the Decedent"), which occurred at the Suds Grand Prix Car Wash located at 4203 West Davis Street in Conroe, Texas on January 19, 2013.[4] Plaintiffs allege that a Suds Grand Prix Car Wash employee placed a 2007 black "F" series Ford pick-up truck on the Suds Grand Prix car wash conveyor belt for washing.[5] Instead of placing the truck's transmission into "neutral" or turning its engine off, the employee left the transmission in "drive," which resulted in the truck, upon exiting the conveyor belt system, striking the Decedent and causing her fatal injury.[6] The pick-up truck in question is allegedly owned by Co-Defendant Donald Husk.[7]

1.2. Plaintiffs' Original Petition seeks the recovery of damages in excess of $75,000.00. At the time the State Court Action was filed, Plaintiffs disclosed that the full amount of general, special, actual, and exemplary damages they seek exceeds $1,000,000.00, which is in far excess of the minimum jurisdictional limits of the 284th Judicial District Court of Montgomery County.[8]

1.3. Plaintiffs made no jury demand in their Original Petition.

---

[2] *Id.* From this point forward, DRB Systems refers to this matter as the "State Court Action."
[3] *See, generally, id.*
[4] *Id.* ¶ 14-15.
[5] *Id.* ¶ 14.
[6] *Id.*
[7] *Id.* ¶ 15.
[8] *Id.* ¶ 54.

1.4.    DRB Systems' registered agent in Texas, Business Filings Inc., was served with a copy of the citation and Plaintiffs' Original Petition on July 8, 2013.[9]

1.5.    On August 5, 2013, DRB Systems filed its Original Answer in the State Court Action, and demanded a jury trial.[10]

1.6.    DRB Systems' Notice of Removal is timely as it is filed within thirty days of when it was first ascertainable that the case could be removed based upon diversity jurisdiction. *See* 28 U.S.C. § 1446(b)(3); *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 805 (5th Cir. 2006); *Chambers v. Bielss*, No. 3:08-CV-372-KC, 2008 WL 5683483, *4 (W.D. Tex. 2008) (not designated for publication).

1.7.    The one year deadline on removal under 28 U.S.C. 1446(c) has not elapsed.

## II.
## THE PARTIES

2.1.    Plaintiffs Lothar Oliver Wirth Gonzalez, Karl Heinz Erich Wirth Gonzalez, Lorena Mayela Mier Davalos are each citizens of Mexico.

2.2.    Defendant DRB Systems is an Ohio Corporation with its principal place of business in Akron, Ohio.[11] As a result, Defendant DRB Systems is a citizen of Ohio.

2.3.    Defendant Donald Husk is domiciled at 15 La Solla Circle, Montgomery, Texas, 77356, and as such is a Texas citizen.[12]

---

[9] *See* Plaintiffs' Citation, a copy of which is attached as Exhibit C-2.
[10] *See* DRB Systems, Incorporated's Original Answer, a copy of which is attached as Exhibit C-5.
[11] *See* Affidavit of Matthew Dodds, a copy of which is attached hereto as Exhibit D, ¶ 4-6.
[12] *See* Plaintiffs' Original Petition (Exhibit C-1), ¶ 6. DRB Systems acknowledges that Donald Husk is a Texas citizen. However, DRB Systems asserts that Donald Husk has been fraudulently joined to this lawsuit in an attempt to defeat diversity jurisdiction.

## III.
## BASIS FOR REMOVAL

### A.    Removal Standard

3.1.    28 U.S.C. § 1332(a) confers original jurisdiction over any civil matter which is between citizens of different states and involves an amount in controversy which exceeds $75,000, exclusive of interest and costs.  Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to a district court of the United States for the district and division where the state action is pending.  *See* 28 U.S.C. § 1441(a).

3.2.    For purposes of assessing diversity of citizenship, a corporate entity is deemed to be a citizen of both the state in which it is incorporated as well as the state where it maintains its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *Mullins v. Test America, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009).  With regard to determining whether or not diversity jurisdiction is present, citizenship is determined at the time the state court suit was filed.  *See Smith v. Sperling*, 354 U.S. 91, 93 (1957); *Harris v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992).

3.3.    Diversity jurisdiction depends upon a showing of complete diversity, which means that none of the plaintiffs may be a citizen of the same state as one of the defendants.  *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992); *Mas v. Perry*, 489 F.2d 1396, 1398-1399 (5th Cir. 1974); *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995).

3.4.    For suits involving multiple defendants, 28 U.S.C. § 1446(b), the removal statute, has been interpreted to require that all defendants timely join in the notice of removal by either signing the notice or by filing a written consent before the expiration of the

4

thirty-day deadline for filing. *Moreno Energy, Inc. v. Marathon Oil Co.*, No. H-11-4518, 2013 WL 2295423, *5 (S.D. Tex. May 22, 2013).

## B.     Improper Joinder

3.5.     "Fraudulent joinder," also known as improper joinder, though a term of art, is a misnomer. The rationale of this doctrine is that the right of a defendant to remove a suit to federal court should not "be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Chesapeake & Ohio Ry. v. Cockrell*, 232 U.S. 146, 152 (1914); *see also Purported Lien or Claim Against Bond v. Barratt Daffin Frappier Turner & Engel, LLP*, No. G-12-188, 2013 WL 1619691, *2 (S.D. Tex. March 22, 2013). Under this doctrine, a defendant seeking to remove a suit originally filed in state court does not have to show that the joinder of a non-diverse party was motivated primarily by a desire to remain in state court, rather, they need to only show that an in-state defendant has been improperly joined. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Accordingly, since the purpose of an improper joinder inquiry is to establish whether or not the in-state defendant was in fact properly joined, the focus of the inquiry rests on the joinder itself, not the merits of the plaintiff's case. *Id.*

3.6.     The Fifth Circuit recognizes two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood*, 385 F.3d. at 573; *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *Benavides v. EMC Mortg. Corp.*, 916 F. Supp. 2d 776, 780 (S.D. Tex. 2013). When considering whether a party was improperly joined, courts may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint at the time of removal to

determine whether the complaint states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573; *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Pena v. GeoVera Specialty Ins. Co.*, No. 7:13-CV-255, 2013 WL 3779385, *2 (S.D. Tex. July 16, 2013). The test turns on whether there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant. *Smallwood*, 385 F.3d at 573.

3.7.    Federal courts in the Southern District of Texas are not unanimous regarding the pleading standard used when reviewing a plaintiff's complaint for improper joinder of an in-state defendant. While some courts analyze the complaint using the "fair notice" standard adopted by Texas courts in compliance with Texas Rules of Civil Procedure 45(b) and 47(a), other courts analyze the pleadings by applying the federal Rule 12(b)(6) standard. *Compare* Tex. R. Civ. P. 45(b) & 47(a); *and, e.g., Newton v. State Farm Lloyds*, No. 4:13-cv-00074, 2013 WL 2408127, *2 (S.D. Tex. May 31, 2013); *with* Fed. R. Civ. P. 12(b)(6); *and, e.g., Keen v. Wausau Bus. Ins. Co.*, No. H-11-1415, 2012 WL 949141, *2-3 (S.D. Tex. Mar. 20, 2012). Under Texas' "fair notice" standard, plaintiffs must put defendants on fair notice of the allegations against them, and cannot require defendants to glean the factual basis of such allegations from a list of ambiguous legal conclusions. *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 143837, *3-4 (N.D. Tex. May 22, 2009) (holding that a plaintiff's legal conclusions when "couched as factual allegations" will not provide a reasonable possibility of recovery under the Texas "fair notice" pleading standard). Fair notice is lacking if the pleading, on its face, does not identify with reasonable certainty the relevant elements of the cause of action asserted and relief sought. *Rivero v. Blue Keel Funding, L.L.C.*, 127 S.W.3d 421, 424 (Tex. App.—Dallas 2004, no pet.). In order to

withstand the more heightened Federal Rule 12(b)(6) standard, a complaint must contain enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 455, 555 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Mere "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**C.     Because Plaintiffs failed to even remotely assert a cause of action under Texas state law against Donald Husk, Donald Husk has been improperly joined to the state court action and the forum-defendant rule will not preclude removal.**

3.8.    In the case at bar, the claims against Donald Husk flunk either of the aforementioned pleading standards. Regardless of which of these lenses the Court chooses utilize, Plaintiffs' allegations against Donald Husk are facially deficient because they fail to cognizably assert any cause of action against him whatsoever. Plaintiffs' Original Petition is comprised of fifty-four (54) numbered paragraphs, of which the overwhelming majority attempt to piecemeal together elements of mostly indistinguishable causes of action against DRB Systems, with only minimal mention of Donald Husk.[13] In fact, the following constitutes every reference to Donald Husk in that pleading:

---

[13] *See generally* Plaintiffs' Original Petition (Exhibit C-1).

- Donald Husk resides in Montgomery County, Texas.[14]

- Donald Husk owns a 2007 Black "F" Series Ford Pick-Up Truck, and on or about January 19, 2013, he brought the truck to Suds Grand Prix Car Wash in Conroe, Texas for a washing.  He personally did not drive the truck onto the carwash conveyor belt, a Suds Grand Prix Car Wash employee with control of the vehicle did.[15]

- These actions can be construed as Donald Husk granting Suds Grand Prix Car Wash permission to use his truck.[16]

- Donald Husk knew Suds Grand Prix Car Wash employees regularly sent pick-up trucks through the car wash with their engines running, which according to Plaintiffs is an "unreasonably dangerous and unsafe condition" of the car wash system.[17]   Somehow, based upon this knowledge, DRB Systems allegedly "defectively and/or dangerously designed and/or manufactured the car wash system and failed to provide adequate training and/or warnings and knowingly placed it in the stream of commerce."[18]

- Donald Husk knew that his truck would be placed in the car wash, engine running, without a driver.[19]

3.9.    When viewing these nebulous contentions in concert, it is difficult to determine whether Plaintiffs are even attempting to bring a cause of action against Donald Husk. In actuality, Plaintiffs instead appear to be utilizing Donald Husk to provide an alleged

---

[14] *Id.* ¶ 6.
[15] *Id.* ¶ 14.
[16] *Id.* ¶ 15.
[17] *Id.* ¶ 31.
[18] It should be noted that, in Plaintiffs' Original Petition, Donald Husk is nowhere identified to be an employee, agent, or have any other legally significant relationship of or with DRB Systems.
[19] *Id.* ¶ 35.

8

factual basis to support one or more disjointed causes of action against DRB Systems. Whatever their intention, Plaintiffs' pleadings fail Texas' "fair notice" standard because they fail to even remotely identify a cause of action against Donald Husk, let alone set forth elements of the same. Equally for these reasons, Plaintiffs' contentions against Donald Husk fail Rule 12(b)(6)'s more heightened plausibility standard espoused by *Twombly* and *Iqbal*.

3.10. There is no possibility of recovery by Plaintiffs against Donald Husk, and there is no reasonable basis to predict that they could. *See Smallwood*, 385 F.3d at 573. Because Plaintiffs have failed to cognizably assert even slightest semblance of a cause of action under Texas law against Donald Husk, his joinder in this suit is improper and his citizenship should be ignored for purposes of determining diversity. DRB Systems has therefore met its burden to show the Court that federal jurisdiction is appropriate.

**D.     Removal of the State Court Action to Federal Court is Appropriate**

3.11. Plaintiffs are citizens of Mexico and DRB Systems is a citizen of Ohio.[20] As a result, there is complete diversity amongst the parties and removal is appropriate on the basis of diversity jurisdiction.

3.12. Removal is additionally appropriate under diversity jurisdiction as the amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiffs' Original Petition clearly satisfies the amount in controversy requirement as it avers that Plaintiffs have suffered monetary damages of over $100,000.00.[21]

3.13. Donald Husk filed no answer and entered no appearance in the State Court Action, and his consent or joinder in this Notice of Removal could not be obtained. However, his consent to this pleading is unnecessary as a removing party need not

---

[20] *See* Affidavit of Matthew Dodds, ¶ 4-6 (Exhibit D).
[21] *See* Plaintiff's Original Petition (Exhibit C-1) ¶ 54.

obtain the consent of a non-diverse co-defendant when the removing party seeks removal predicated on the contention that the non-diverse co-defendant was improperly joined. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

3.14.   A case may be removed within thirty days after receipt by the defendant of an pleading, motion, or other paper from which it may be ascertained that the case is removable. *See* 28 U.S.C. § 1446(b)(3); *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 805 (5th Cir. 2006); *Chambers v. Bielss*, No. 3:08-CV-372-KC, 2008 WL 5683483, *4 (W.D. Tex. 2008) (not designated for publication).   However, removal must be initiated within a maximum period of one year from the date the state court action was commenced. *See* 28 U.S.C. § 1446(c)(1); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 425-426 (5th Cir. 2003).

3.15.   Since this Notice of Removal is filed no more than thirty days after original service of process in this suit and because less than one year has elapsed since the State Court Action was originally filed, DRB Systems' Notice of Removal has been filed in a timely manner.

### IV.
### JURISDICTION & VENUE

4.1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.2.   Venue is appropriate in the Southern District of Texas, Division of Houston under 28 U.S.C. § 1441(a) because this district and division encompasses Montgomery County where the State Court Action is pending.   In the alternative, venue is appropriate

in the Southern District of Texas, Division of Houston under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in the district.

**V.**
**FRCP RULE 38 JURY DEMAND**

5.1.    A jury trial is demanded on all issues presented in this case.

**VI.**
**REQUIRED DOCUMENTS**

6.1.    Pursuant to 28 U.S.C. 1446(a) and Rule 81 of the Local Rules of the Southern District of Texas, DRB Systems attaches hereto copies of all pleadings, process, orders, and other filings in the State Court Action as well as the State Court Action's docket sheet.[22]  The pleadings, process, orders, other filings, and docket sheet from the State Court Action are identified in the Index of Maters Being Filed With Removal which appears as Exhibit A.

6.2.    Pursuant to Rule 81(6) of the Local Rules of the Southern District of Texas, DRB Systems attaches hereto a List of All Counsel of Record.[23]

**VII.**
**REQUIRED NOTICE**

7.1.    Pursuant to 28 U.S.C. § 1446(d), DRB Systems will promptly provide notice to all adverse parties and will file a copy of this Notice of Removal with the Harris County District Clerk's Office.

**VIII.**
**CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendant DRB Systems, Incorporated respectfully requests that the Honorable Court remove this action to the

---

[22] *See* attached Exhibits B & C.
[23] *See* attached Exhibit E.

United States District Court for the Southern District of Texas.   Defendant DRB

Systems, Incorporated additionally prays for such further relief, at either law or equity,

to which it may prove itself to be justly entitled.

Respectfully submitted,

BROWN SIMS

Michael D. Williams
Texas Bar No. 21564330
Federal I.D. No: 6982
Brown Sims
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
(713) 629-1580
(713) 629-5027 (facsimile)
**ATTORNEYS   FOR   DFENDANT   DRB
SYSTEMS, INCORPORATED**

OF COUNSEL:

BROWN SIMS

John G.H. Davis
Texas Bar No. 24012507
Federal ID No. 24428

Micah A. Grodin
Texas Bar No. 24080505
Federal ID No. 1839521

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all attorneys of record in accordance with the Federal Rules of Civil Procedure as well as the Southern District of Texas' Local Rules via electronic filing as well as facsimile and certified mail, return receipt requested on this the 7th day of August, 2013.

Mr. Michael Atkinson
Atkinson & Associates, P.C.
322 Metcalf Street
Conroe, Texas 77301

*Attorneys for Plaintiffs*

_____
Michael D. Williams