Service Copy

CAUSE NO. 13-07-06991-CV

| | | |
|---|---|---|
| LOTHAR OLIVER WIRTH GONZALEZ AND KARL HEINZ ERICH WIRTH GONZALEZ, EACH INDIVIDUALLY AND AS REPRESENTATIVES AND HEIRS OF THE ESTATE OF JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED, AND LORENA MAYELA MIER DAVALOS, INDIVIDUALLY | § § § § § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | MONTGOMERY COUNTY, TEXAS |
| DRB SYSTEMS, INCORPORATED AND DONALD HUSK | § § § | 284th JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION
AND
REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **LOTHAR OLIVER WIRTH GONZALEZ and KARL HEINZ ERICH WIRTH GONZALEZ, EACH INDIVIDUALLY AND AS REPRESENTATIVES AND HEIRS OF THE ESTATE OF JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED, and LORENA MAYELA MIER DAVALOS, INDIVIDUALLY**, hereinafter referred to as Plaintiffs, complaining of and against **DRB SYSTEMS, INCORPORATED** and **DONALD HUSK**, hereinafter referred to individually and/or collectively as "Defendants", and for cause of action would respectfully show unto this Honorable Court the following:

1. DISCOVERY CONTROL PLAN LEVEL

Discovery is intended to be conducted under Level III of Rule 190 of the Texas Rules of Civil Procedure.



EXHIBIT C-1

1

## VENUE

2.  Venue is proper in Montgomery County, Texas pursuant to the Texas Civil Practice and Remedies Code § 15.001 *et seq*, which states that a lawsuit may be brought in the county in which all or part of the cause of action occurred. In addition, one or more Defendants, at all times relevant to this matter, resided in Montgomery County, Texas on the date of the incident as well as reside in Montgomery County, Texas on the date of filing this Petition. In addition, one or more Defendants were doing business in Montgomery County, Texas and had representatives, agents, and/or employees providing services on its behalf in Montgomery County, Texas. Further, venue is appropriate against all Defendants named herein as it is applicable and proper in compliance with § 15.005 of the Texas Civil Practice and Remedies Code as claims against multiple Defendants as Defendants are properly joined in this one action and the action against all Defendants is properly brought in Montgomery County, Texas. Further, Defendant **DRB SYSTEMS, INCORPORATED** placed a Product (a car washing system used at the Suds Grand Prix Car Wash located at 4203 West Davis Street, Conroe, Montgomery County, Texas 77304) in the stream of commerce fully intending and knowing that the product would be purchased by persons in Montgomery County, Texas and used by persons in Montgomery County, Texas.

## THE PARTIES and SERVICE

3.  Plaintiffs, except **KARL HEINZ ERICH WIRTH GONZALEZ**, were at all times relevant to this matter, on the premises located at 4203 West Davis Street, Conroe, Montgomery County, Texas 77304 at the time of the incident made the basis of this suit.

2

4. **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED** passed away on January 19, 2013.

5. Defendant **DRB SYSTEMS, INCORPORATED** is a corporation doing business in Montgomery County, Texas and may be served with process by serving its registered agent for service, Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, TX 78701.

6. Defendant **DONALD HUSK** at all times relevant to this matter is a resident of Montgomery County, Texas and may be served with process at 15 La Solla Circle, Montgomery, TX 77356.

## CAUSE OF ACTION – TEXAS WRONGFUL DEATH

7. Plaintiffs **LOTHAR OLIVER WIRTH GONZALEZ** and **KARL HEINZ ERICH WIRTH GONZALEZ** are the sons of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED** and are Representatives and Heirs of the Estate of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED.** Plaintiffs **LOTHAR OLIVER WIRTH GONZALEZ** and **KARL HEINZ ERICH WIRTH GONZALEZ** as Representatives and Heirs of the Estate of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED** and are entitled to bring this cause of action under § 71.002 and § 71.004 of the Texas Civil Practice and Remedies Code. The names and relationships to **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**, of each beneficiary are:

| NAME | RELATIONSHIP TO DECEDENT |
|---|---|
| Lothar Oliver Wirth Gonzalez | Son |
| Karl Heinz Erich Wirth Gonzalez | Son |

3

8.  This wrongful death cause of action is brought as a result of the personal injury and death of **JUANA BETHUEL GONZALEZ Y MACIAS** by Plaintiffs **LOTHAR OLIVER WIRTH GONZALEZ** and **KARL HEINZ ERICH WIRTH GONZALEZ** in their capacities as Representatives and Heirs of the Estate of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**, pursuant to § 71.002 and 71.004 of the Texas Civil Practice and Remedies Code.

9.  No administration of **JUANA BETHUEL GONZALEZ Y MACIAS'** Estate is currently pending and possibly no administration may be necessary as the Estate is not owed any debts (other than the causes of action specified in these pleadings), nor does the Estate owe any debt. However, in the event that one is filed, the Court will be apprised of same as well as defense counsel. Plaintiffs **LOTHAR OLIVER WIRTH GONZALEZ** and **KARL HEINZ ERICH WIRTH GONZALEZ** constitute all of the heirs of **JUANA BETHUEL GONZALEZ Y MACIAS'** Estate.

## CAUSE OF ACTION – TEXAS SURVIVAL STATUTE

10.  Plaintiffs **LOTHAR OLIVER WIRTH GONZALEZ** and **KARL HEINZ ERICH WIRTH GONZALEZ** are the surviving children of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**, and hereby bring suit pursuant to the Texas Survival Statute, TEX. CIV. PRAC. & REM CODE ANN. § 71.021 (Vernon 1987).

11.  The death of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**, was proximately caused by acts and/or omissions of Defendants as described in this pleading. Any damages recovered in this cause of action on behalf of the Estate of **JUANA BETHUEL**

4

**GONZALEZ Y MACIAS, DECEASED**, should be paid in accordance with Texas Law to the heirs at law who are entitled thereto. The Decedent was widowed at the time of her death.

## REQUEST FOR DISCLOSURE

12.     Pursuant to Rule 194, Texas Rules of Civil Procedure, **DRB SYSTEMS, INCORPORATED,** is requested to disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a-k).

13.     Pursuant to Rule 194, Texas Rules of Civil Procedure, **DONALD HUSK,** is requested to disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a-k).

## FACTS

14.     On or about January 19, 2013, Plaintiffs **LOTHAR OLIVER WIRTH GONZALEZ,** his wife **LORENA MAYELA MIER DAVALOS,** and his mother **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED,** were business invitees onto the premises known as Suds Grand Prix Car Wash located at 4203 West Davis Street, Conroe, Montgomery County, TX 77304. At the time of the incident, an employee of Defendant Suds Grand Prix Car Wash, while performing his work duties in the course and scope of his employment with Suds Grand Prix Car Wash, maneuvered a 2007 Black "F" Series Ford Pick-Up Truck owned by Defendant **DONALD HUSK** onto the conveyor belt of the car washing system manufactured, assembled, and/or installed by Defendant **DRB SYSTEMS, INCORPORATED,** and then exited the pick-up truck. That employee was negligent in that he did not turn the truck engine off and further was negligent in failing to place the pick-up truck's transmission into neutral.

5

The employee negligently placed the pick-up truck in drive and allowed the pick-up truck to remain in that position as he exited the pick-up truck. This contributed to the events which caused the injuries and damages to Plaintiffs and resulting death of **JUANA BETHUEL GONZALEZ Y MACIAS** as stated herein. As the pick-up truck continued through the car washing system and then began exiting the car washing system, the pick-up truck's transmission remained in the drive position, without a driver occupant. Upon exiting, the pick-up truck continued on a path toward Plaintiffs, and as a result, ran over **JUANA BETHUEL GONZALEZ Y MACIAS** causing her untimely death, as well as caused injuries and damages to **LOTHAR OLIVER WIRTH GONZALEZ** and his wife **LORENA MAYELA MIER DAVALOS**. Both Plaintiffs **LOTHAR OLIVER WIRTH GONZALEZ** and his wife **LORENA MAYELA MIER DAVALOS** were in the path of the truck as it approached and were barely able to extricate themselves from being hit by the pick-up truck, however, they did see and witness **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED** being struck and run over by the pick-up truck and immediately became aware that she had been severely injured and then died. Therefore, both Plaintiffs **LOTHAR OLIVER WIRTH GONZALEZ** and his wife **LORENA MAYELA MIER DAVALOS**, as bystanders, make claim for the injuries and damages they have suffered.

15. Further, the pick-up truck involved in the incident and identified above, was presented to Suds Grand Prix Car Wash and its employees, agents, and/or servants, by the Defendant **DONALD HUSK** (owner of the pick-up truck) for their use in traversing through the car wash. As a result, Defendant **DONALD HUSK** granted permission to Suds Grand Prix Car Wash to use said pick-up truck.

16. Because Plaintiffs were invitees of Suds Grand Prix Car Wash at the time of the incident where the car wash system was located and manufactured, assembled, and/or installed by Defendant **DRB SYSTEMS, INCORPORATED**, Defendant **DRB SYSTEMS, INCORPORATED** owed a duty to Plaintiffs to exercise high degree of care as a result of manufacturing, assembling and/or installing the car wash system as well as to have established safety measures in the manufacturing, assembly, and/or installation of the car wash system so as to have kept the premises in a safe condition.

17. At all times relevant, Defendant **DRB SYSTEMS, INCORPORATED** was engaged in the manufacture, installation, and/or assembly of car wash systems, such as that located on the property/premises where this incident occurred, which is known as Suds Grand Prix Car Wash located in Montgomery County, Texas, at all times material herein.

18. Defendant **DRB SYSTEMS, INCORPORATED**'s conduct constituted a breach of duty of care owed by Defendant to Plaintiffs. Defendant knew or should have known that the condition on the premises of Suds Grand Prix Car Wash caused by the Product created an unreasonable risk of harm to invitees, such as Plaintiffs. Defendant failed to exercise ordinary care to reduce or eliminate this risk. Each of the above acts and/or omissions was a proximate and/or producing cause of Plaintiffs' injuries and damages and resulting death of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**.

19. Additionally, Defendant **DRB SYSTEMS, INCORPORATED** improperly manufactured, assembled, and/or installed the car wash system on the premises where the incident occurred, in that they had allowed to continue to exist on those premises a risk, hazard,

and/or danger they knew or should have known was foreseeable. Among other failures, Defendant **DRB SYSTEMS, INCORPORATED** failed to have in place appropriate safety mechanisms and/or devices which would have eliminated the pick-up truck from being able to exit the wash area, in the event a pick-up truck motor was running and engaged in drive, without a vehicle driver, as occurred in this incident.

20. Defendant **DRB SYSTEMS, INCORPORATED** was the manufacturer, assembler, and/or installer of the car wash system located in Montgomery County, Texas and was in control or had the right of full control over the car wash system and the safety of patrons.

21. Defendant **DRB SYSTEMS, INCORPORATED** failed to incorporate into its car wash system safety features so as the event, such as the event made the basis of this litigation, would not have occurred.

22. Defendant **DRB SYSTEMS, INCORPORATED** failed to provide adequate warnings to personnel and/or patrons in the operation of the car wash system so as the event such as the event made the basis if this suit occur would not have occurred.

23. Defendant **DRB SYSTEMS, INCORPORATED** failed to provide adequate and proper instructions and/or training to personnel utilizing the car wash system.

24. Defendant **DRB SYSTEMS, INCORPORATED** failed to create safety mechanism(s) and/or device(s) to prevent a pick-up truck from self-propelling through the car wash system and then exiting the system.

25. Defendant **DRB SYSTEMS, INCORPORATED** failed to create adequate sensory devices that would prohibit a pick-up truck from exiting the car wash system on its own.

26. Defendant **DRB SYSTEMS, INCORPORATED** failed to warn and/or notify patrons such as Plaintiffs that there was an unsafe condition on the car wash premises, specifically the car wash system, as Defendant **DRB SYSTEMS, INCORPORATED** did not have displayed any warning signs or any other manner for notifying Plaintiffs of the potential for the creation of the hazard.

27. Defendants **DRB SYSTEMS, INCORPORATED** had the duty to use ordinary care to insure that the car wash system did not present the danger to Plaintiffs which it did present as indicated herein. The duty included the duty to inspect and the duty to cure the defect. The Defendant Car Wash breached the duty of ordinary care by not having safety standards in place prior to the incident which brought about the injuries and damages to Plaintiffs as well as the untimely death of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED.**

28. Defendant **DRB SYSTEMS, INCORPORATED**'s breach of duty proximately caused the injury to Plaintiffs.

29. Defendant **DRB SYSTEMS, INCORPORATED**'s breach of duty proximately caused the untimely death of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED.**

30. Defendant **DRB SYSTEMS, INCORPORATED**'s conduct constituted gross negligence, in that they demonstrated an entire want of care indicating Defendants' conscious indifference to the welfare of persons who might be patrons on a car wash premises where Defendant **DRB SYSTEMS, INCORPORATED**'s car wash system is utilized. Defendants' created an extreme risk of harm by not properly ensuring that the Product was properly maintained and/or used when they knew or should have known of the dangerous conditions that existed.

31. It was expected and foreseeable that persons such as those employed by the Suds car wash would be using the conveyor system and sending pick-up trucks through the car wash with the engine running. That practice was known to Defendants and created an unreasonably dangerous and unsafe condition of the car wash system (manufactured, designed, etc.) by Defendant **DRB SYSTEMS, INCORPORATED** and known to exist by Defendant **DONALD HUSK** when he turned the pick-up truck over to employees of Suds Car Wash. As such, Defendant **DRB SYSTEMS, INCORPORATED** defectively and/or dangerously designed and/or manufactured the car wash system and failed to provide adequate training and/or warnings and knowingly placed it in the stream of commerce.

32. In addition or in the alternative, there were alterative designs, manufacturing processes, training, and/or warnings available for protection against bodily injury which could occur and did in the incident made the basis of this litigation.

33. In addition or in the alternative, the conveyor system was defect in design and/or manufacture for the foreseeable risk of harm posed by the product (conveyor system) and could

have been reduced or avoided by the adoption of a reasonable alternative design so as to eliminate and/or reduce the risk of bodily injury, and such failure rendered the product (conveyor system) not reasonably safe for use as intended by Defendant.

34. In addition or in the alternative, the conveyor system was defective for the foreseeable risk of harm posed by the product and it could have been reduced or avoided by the adoption of adequate training and/or warnings so as to eliminate and/or reduce the risk of bodily injury caused by the unexpected allowing a pick-up truck to be placed on the conveyor system without a driver in the pick-up truck and with the engine running as it was foreseeable that on some occasion(s) the pick-up truck would be placed in drive and the driver would have exited leaving the pick-up truck unattended and able to propel through the car wash system on its own power. The Product (car wash system) was not reasonably safe for it lacked adequate warnings which rendered the product not reasonably safe for use as intended.

35. Defendant **DONALD HUSK** when he turned the pick-up truck over to the employees of the car wash knew that his pick-up truck would be placed in the car wash without an operator inside the cab and with the engine running.

36. The combination of the factors stated herein, singularly and/or acting together, caused the significant, severe, and permanent injuries and damages to Plaintiffs as well as the death of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**. The defective and unreasonably dangerous conditions of the car wash system and the way the truck was allowed to be mobile on its own, were a producing and/or proximate cause of the injuries and damages

11

suffered by Plaintiffs as well as the death of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**.

37. Defendant **DRB SYSTEMS, INCORPORATED** failed to provide proper instructions to the purchaser (Suds Car Wash) regarding not leaving a vehicle's engine running without the vehicle being occupied by a driver.

38. In addition or in the alternative, this action is maintained pursuant to what is commonly called Products Liability Law. Defendant **DRB SYSTEMS, INCORPORATED** is liable under the theory of Strict Tort Liability as set forth in the Restatement (2nd) of Torts § 402a (1965) as adopted by the State of Texas. Defendant **DRB SYSTEMS, INCORPORATED** was at all material times regularly engaged in the business of designing, manufacturing, packaging, advertising, distributing, placing warnings, and selling the Product, including the Product which Plaintiff was using at the time of the occurrence.

39. In addition or in the alternative, Plaintiffs will show that Defendant **DRB SYSTEMS, INCORPORATED** is liable under the theory Enterprise Liability as set forth in the Restatement (2nd) of Torts § 402b (1965). Defendant **DRB SYSTEMS, INCORPORATED** was at all times material to this matter regularly engaged in the business of distributing and selling the products including the Product which was being using at the time of the occurrence. Additionally, Defendant **DRB SYSTEMS, INCORPORATED** made representations to the public and to Suds Grand Prix Car Wash and Plaintiffs that the labels affixed to the Product and with the instructions provided to purchasers and users that the Product was safe and reasonably fit for its foreseeable use when it was known or should have been known that such was not the

12

case. If Suds Grand Prix Car Wash personnel had known of the risks and dangers involved in using the Product, they would not have used it as they were using at the time of the incident made the basis of this litigation. Suds Grand Prix Car Wash had no way of knowing that the representations made by Defendant **DRB SYSTEMS, INCORPORATED** were not true at the time that they used the Product. The misrepresentation by the Defendant **DRB SYSTEMS, INCORPORATED** was a producing cause of the occurrence. Further, the misrepresentation by the Defendant **DRB SYSTEMS, INCORPORATED** was a producing cause of the injuries. Therefore, Defendant **DRB SYSTEMS, INCORPORATED** is liable to Plaintiffs for the full amount of this damages as described herein.

40. In addition or in the alternative, Defendant **DRB SYSTEMS, INCORPORATED** expressly and/or impliedly warranted to the public, generally and specifically to Suds Grand Prix Car Wash, that the Product was of merchantable quality and was safe and reasonably fit for its foreseeable and intended use under ordinary conditions. Defendant **DRB SYSTEMS, INCORPORATED** had reason to know of the particular purpose for which Suds Grand Prix Car Wash intended to use the product and Suds Grand Prix Car Wash relied upon Defendant **DRB SYSTEMS, INCORPORATED**'s knowledge and skill to furnish suitable goods. The Product was unfit for the purpose used. Plaintiffs relied upon Defendant **DRB SYSTEMS, INCORPORATED**'s expressed and/or implied warranties and suffered injuries and damages as described elsewhere in this petition which were proximate result of Defendant **DRB SYSTEMS, INCORPORATED**'s breach of those warranties.

41. Defendant **DRB SYSTEMS, INCORPORATED** represented the product had characteristic uses and benefits which it does not have. The Defendant **DRB SYSTEMS,**

INCORPORATED represented the Product was safe if used for its intended purpose when in truth and fact, such was not the case. Defendant **DRB SYSTEMS, INCORPORATED** represented the Product was of a particular standard, quality, or grade when it was of another and Defendant **DRB SYSTEMS, INCORPORATED** represented the product was of high quality, reasonably fit, and suitable for its foreseeable use and was of merchantable quality when in truth and fact such was not the case. The product had a defect which rendered the product unfit for the ordinary purposes for which such product would be ordinarily used and such unfit condition was a proximate cause of the occurrence and was further the proximate cause of the injuries sustained by Plaintiffs.

42. The product is a "good" for purposes of the Texas Uniform Commercial Code (UCC) and at the time that the product was sold, Defendant **DRB SYSTEMS, INCORPORATED** were "merchants" with respect to goods of that kind. Defendant **DRB SYSTEMS, INCORPORATED** breached the implied warranty of merchantability set forth in Texas Business and Commerce Code § 2.314(b)(3) by selling the Product in question when it was not fit for the ordinary purpose for which such goods are used because of the safety considerations and as more fully described herein. This breach of warranty was a proximate cause of the damages to Plaintiffs described throughout this Petition.

## DAMAGES

43. Plaintiffs **LOTHAR OLIVER WIRTH GONZALEZ** his wife **LORENA MAYELA MIER DAVALOS**, as a result of nearly being run over by the Defendant **DONALD HUSK** pick-up truck and witnessing the injury and death of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**, they have suffered physical pain, grievous mental anguish in the past and

14

will continue to suffer grievous mental anguish in the future. Plaintiffs do here and now sue for a reasonable sum of money to compensate them for the physical pain and suffering and mental anguish they have suffered in the past and said physical pain and suffering and mental anguish they will in all probability suffer in the future.

44. Plaintiffs, as a result of the injuries and damages sustained by Plaintiffs and the untimely death of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**, would state that **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED** and Plaintiffs have suffered a loss of enjoyment of life in the past, and Plaintiffs will, in all reasonable probability, continue to suffer a loss of enjoyment of life in the future. Plaintiffs do here and now sue for recovery of those damages as well as others for which Plaintiffs may be entitled to recover and which have resulted from the incident made the basis of this litigation

45. Plaintiffs would show that as a result of the direct and proximate result of the negligence of the Defendants, **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED** suffered injuries and damages that ultimately claimed her life as well as forever damaged and changed the life of Plaintiffs. As a result, Plaintiffs named herein and the Estate of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED** have been seriously and permanently injured and damaged and for which Plaintiffs do here and now sue.

46. Plaintiffs would further show to the Court that as a direct and proximate result of the actions and/or inactions of Defendants as described herein together with others, **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**, suffered grievous physical pain, pain and suffering, and mental anguish as a result of the incident. Further, as a result, **JUANA**

BETHUEL GONZALEZ Y MACIAS, DECEASED was damaged in an amount in excess of the jurisdictional limits of this Court for which Plaintiffs in their individual capacities and as heirs of the Estates of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED** do here and now sue.

47. Additionally, because of the death of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**, Plaintiffs as Heirs of the Estate of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**, their mother, suffered in the past and, in all probability will continue to suffer in the future, severe mental anguish, emotional trauma, including depression, torment, grief and sorrow, loss of consortium, loss of inheritance, loss of addition to the Estate, loss companionship and society, and loss of emotional support. Further, Plaintiffs do here and now sue for a sum of monies to compensate them for the above listed damages far in excess of the minimal limits of the Court.

48. **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**, was a dutiful, obedient, faithful, and mother and as a result of her untimely death, her children, **KARL HEINZ ERICH WIRTH GONZALEZ** and **LOTHAR OLIVER WIRTH GONZALEZ**, do not enjoy the society, consortium, emotional and financial support and other services which the parent/child relationship beneficent would have received. As a result, Plaintiffs have been damaged in an amount exceeding the minimal jurisdictional limits of this Court for which they do here and now sue.

49. Additionally, as a result of the negligence of the Defendants, the Estate of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED** has become liable for the funeral

16

and burial charges for which Plaintiffs as Heirs of the Estate do here and now sue in addition to all other damages. The funeral and burial expenses necessarily incurred by reasons of the injuries and death of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED**, are and were reasonable, necessary, and customary in the vicinity in which they were incurred and Plaintiffs do here and now sue for a recovery of those monies.

50. The negligence of the Defendants described above was in such a manner to make Defendants' guilty of gross negligence. The conduct of Defendants, viewed objectively from the standpoint of the Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and the magnitude of potential harm to **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED** and Plaintiffs. Moreover, the Defendants engaged in the conduct with conscious indifference to the rights, safety, and welfare of **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED** and Plaintiffs, despite the Defendants' actual subjective awareness of the risk involved. Plaintiffs pray that exemplary damages be awarded in addition to all other damages herein pled for.

51. As a result of the damages and injuries sustained and which will continue to be sustained by Plaintiffs, Plaintiffs do here and now sue for all of the general and special damages to which **JUANA BETHUEL GONZALEZ Y MACIAS, DECEASED** and Plaintiffs are entitled and which are in excess of the minimum jurisdictional limits of this Court.

52. Plaintiffs requests that this Court award both prejudgment and post-judgment interest at the maximum rate allowed by law on each and every element of damages plead for herein.

53. Finally, Plaintiffs requests this Court find the Defendants liable to pay all costs of Court which Plaintiffs incur or become obligated to pay as a result of the institution filing and prosecution of this lawsuit.

54. As a result of the damages and injuries sustained and which will continue to be sustained by Plaintiffs, Plaintiffs do here and now sue for all of the general and special damages to which Plaintiffs are entitled, which exceeds $1,000,000, and which is in excess of the minimum jurisdictional limits of this Court. Plaintiffs reserve the right to amend with regard to damages as the evidence would show appropriately in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be cited in terms of law to appear and answer herein and that upon final trial hereof, Plaintiffs demand that they have judgment for all of the other relief to which Plaintiffs deems themselves entitled. Further, Plaintiffs demand that they have judgment against Defendants for the full amount of their damages, including but not limited to, general, special, actual, and exemplary damages, which exceeds $1,000,000, or as herein pled, Court costs, and prejudgment and post-judgment interest, at the highest rates allowed by law, and for all such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

ATKINSON & ASSOCIATES, P.C.

BY: _____
MICHAEL E. ATKINSON
322 Metcalf Street
Conroe, Texas 77301
(936) 756-7719
(936) 539-6228 - fax

18

State Bar No. 01413000
ATTORNEY FOR PLAINTIFFS